1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE LIPSCOMB,

11            Plaintiff,                    No. CIV S-12-0285 DAD P

12        vs.

13   RYNERSON et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).[1]

20                          **SCREENING REQUIREMENT**

21            The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25

26        [1] Plaintiff previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (<u>See</u> Doc. No. 4.)

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4  omits to perform an act which he is legally required to do that causes the deprivation of which

5  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          Moreover, supervisory personnel are generally not liable under § 1983 for the

7  actions of their employees under a theory of respondeat superior and, therefore, when a named

8  defendant holds a supervisorial position, the causal link between him and the claimed

9  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

10 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory

11 allegations concerning the involvement of official personnel in civil rights violations are not

12 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13                              **PLAINTIFF'S COMPLAINT**

14          In his complaint, plaintiff has identified Correctional Officer Rynerson, Nurse

15 Acosta, Nurse Keisz, and Nurse Maxwell as the defendants in this action. Plaintiff alleges that

16 defendant Rynerson authored a CDC-128-B against plaintiff and acknowledged therein that he

17 had telephoned medical triage and gained personal medical information regarding plaintiff.

18 Specifically, the CDC-128-B stated defendant Rynerson searched plaintiff's cell and discovered a

19 large clear bag containing inmate-manufactured alcohol. Thereafter, during yard recall, plaintiff

20 gradually placed himself on the dayroom floor and said to "call a medical code" because "I

21 slipped from the water y'all left in my cell. I'm gonna sue you. I can't move. I'm gonna tear

22 your ass up. I got me a lawsuit." According to the CDC-128-B, staff carried plaintiff by gurney

23 to medical triage for evaluation. Defendant Rynerson called medical triage, and a nurse informed

24 him that plaintiff had no real injury, was walking fine, and had no problem bending his legs. In

25 his complaint in this action, plaintiff claims that in this way the defendants violated his rights

26 /////

                                        3

1  under the Health Information Portability and Accountability Act ("HIPAA").  (Compl. at 5 &

2  Attach. & Exs.)

### DISCUSSION

4          Plaintiff's complaint fails to state a cognizable claim for relief and will be

5  dismissed.  See 28 U.S.C. 1915(e)(2)(B)(I) ("the court shall dismiss the case at any time if the

6  court determines that . . . the action or appeal . . . is frivolous or malicious"); Neitzke, 490 U.S. at

7  327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose

8  factual contentions are clearly baseless); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296

9  (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed

10  amendment would be futile.").

11          Specifically, plaintiff is advised that he may not bring a lawsuit under HIPAA

12  because that law does not create a private cause of action.  See United States v. Streich, 560 F.3d

13  926, 935 & n.14 (9th Cir. 2009) ("HIPAA does not provide any private right of action."); Webb

14  v. Smart Document Solutions, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no

15  right of action."); see also McDaniel v. Fairfield Police Dep't, No. 2:11-cv-3041 KJN P, 2011

16  WL 6026035 at *2 (E.D. Cal. Dec. 2, 2011) ("Moreover, to the extent plaintiff alleges a violation

17  of the Health Insurance Portability and Accountability Act of 1996 ('HIPAA') HIPAA created no

18  private right of action."); Miller v. Elam, No. 2:11-cv-0931 KJN P 2011 WL 1549398 at *4 (E.D.

19  Cal. Apr. 21, 2011) ("only the government can bring a claim against a medical provider for

20  violation of HIPAA").  Under these circumstances, the granting of leave to amend would be

21  futile.  Reddy, 912 F.2d at 296.

22  /////

23  /////

24  /////

25  /////

26  /////

1

**CONCLUSION**

2

Accordingly, IT IS HEREBY ORDERED that:

3

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied; and

4

2.  This action is dismissed for failure to state a claim.

5

DATED: April 25, 2012.

6

7

_____

8

DAD:9
lips0285.56

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5